[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 4, 2009
THOMAS K. KAHN
CLERK

No. 08-16761
Non-Argument Calendar

_____

D. C. Docket No. 97-00107-CR-T-24MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSEI RIVERA,
a.k.a. S,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 4, 2009)

Before BLACK, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Osei Rivera, a federal prisoner convicted of a crack cocaine offense, appeals the district court's denial of his *pro se* motion to reduce his sentence, filed pursuant to 18 U.S.C. § 3582(c)(2). Rivera's § 3582(c)(2) motion was based on Amendment 706 to the Sentencing Guidelines, which reduced base offense levels applicable to crack cocaine. On appeal, Rivera argues it was error for the district court to deny his § 3582 motion on the ground he was held accountable for more than 4.5 kilograms of crack cocaine, because he was not held liable for that amount of crack cocaine at his original sentencing. Rivera also asserts the district court erred in failing to address his arguments concerning drug quantity and *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000). Rivera next argues his sentence should be reduced because the Guidelines are advisory in the § 3582 context following *United States v. Booker*, 125 S. Ct. 738 (2005). He asserts the district court should have considered the factors under 18 U.S.C. § 3553(a), as well as his post-sentencing conduct. Finally, he argues, for the first time on appeal, his equal protection and due process rights are violated by the fact that he was sentenced pre-*Booker* and now is being denied an opportunity to be resentenced under the advisory Guidelines.

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James*, 548 F.3d 983,

984 (11th Cir. 2008). We review for plain error issues not raised before the district court. *United States v. Duncan*, 400 F.3d 1297, 1301 (11th Cir. 2005). Under plain-error review, we can correct an error where: (1) there is error; (2) the error is plain; (3) the error affected substantial rights; and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id.*

A district court may modify a term of imprisonment in the case of a defendant who was sentenced based on a sentencing range that subsequently has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* A reduction of a term of imprisonment is not "consistent with applicable policy statements issued by the Sentencing Commission"—and is, therefore, not authorized under § 3582(c)(2)—if the retroactive amendment does not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B).

The district court properly denied § 3582 relief because Rivera's guideline range was not lowered as a result of Amendment 706. Rivera was held accountable for more than 4.5 kilograms of crack cocaine and Amendment 706 only lowered base offense levels for quantities of crack cocaine less than 4.5 kilograms. *See James*, 548 F.3d at 986 (holding that the defendant was not entitled

3

to a reduction in sentence because he had been held accountable for more than 4.5 kilograms of crack cocaine, and Amendment 706 did not lower his guideline range). Furthermore, Rivera's argument the court improperly attributed more than 4.5 kilograms of crack cocaine to him is meritless because the district court must keep all the original factual findings the same during § 3582 proceedings, and he was held accountable for just over 10 kilograms at the original sentencing. *See United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000) (holding that proceedings under § 3582 do not constitute a *de novo* resentencing, and "all original sentencing determinations remain unchanged").

Additionally, Rivera's *Apprendi* arguments were meritless, and any error the district court made in not discussing these arguments was harmless. Rivera's arguments under *Booker* and *Apprendi* fail because those cases are not retroactively applicable guideline amendments, and, therefore, cannot be a basis for § 3582 relief. *See United States v. Jones*, 548 F.3d 1366, 1369 (11th Cir. 2008) (holding that Booker did not provide a jurisdictional basis for § 3582 relief because it was not a sentencing amendment). Furthermore, *Booker* did not render the Guidelines advisory in the § 3582 context. *See United States v. Melvin*, 556 F.3d 1190, 1192-93 (11th Cir. 2009) (holding *Booker* does not render a guideline range

4

advisory in the context of a § 3582 proceeding), *petition for cert. filed*, (U.S. Feb. 10, 2009) (No. 08-8664).

Rivera's argument that a lower sentence would be appropriate in light of the § 3553(a) factors and his post-sentencing conduct also is meritless. The § 3553(a) factors and post-sentencing conduct can be considered only if the defendant is eligible for § 3582 relief, and Rivera was not eligible for relief. *See* U.S.S.G. § 1B1.10 cmt. n.1(B) (stating that, in determining the extent of the reduction to be given, the court "may consider post-sentencing conduct"); *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998) (stating a district court first must discern whether an amendment would lower a guideline range and then consider the § 3553(a) factors to determine whether, and to what extent, to lower a defendant's sentence).

Finally, Rivera argues refusing to apply the Guidelines as advisory would violate his equal protection and due process rights. This argument is meritless because it constitutes an extraneous sentencing issue, which cannot be raised in a § 3582 proceeding. *See Duncan*, 400 F.3d at 1301; *Bravo*, 203 F.3d at 782 (stating § 3582(c)(2) does not "grant to the court jurisdiction to consider extraneous sentencing issues"). Therefore, the district court properly denied the § 3582 motion, and we affirm.

**AFFIRMED.**

5